**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6434**

CURTIS RICHARDSON, a/k/a Curtis D. Richardson, a/k/a Curtis Dale Richardson,

Plaintiff - Appellant,

v.

MATT MAHON, Loris, SC Policeman, individual and official capacity; KAREN SHEPHERD, Chief of Police of Loris, SC, individual and official capacity; OFFICER JEFF GORE,

Defendants – Appellees,

and

SERGEANT RICHARDSON, individual and official capacity; MAJOR JOHNSON, individual and official capacity; SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, CLASSIFICATION SUPERVISOR (NAME UNKNOWN), individual and official capacity,

Defendants.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:15-cv-03317-RBH)

Submitted: September 7, 2017                    Decided: September 26, 2017

Before NIEMEYER, TRAXLER, and FLOYD, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Curtis Richardson, Appellant Pro Se. Jerome Scott Kozacki, WILLCOX BUYCK & WILLIAMS, PA, Florence, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Richardson appeals the district court's order accepting in part the report and recommendation of the magistrate judge and denying relief on his 42 U.S.C. § 1983 (2012) complaint. We have reviewed the record and find no reversible error on any of Richardson's claims except for his excessive force claim. Accordingly, we deny Richardson's motions to appoint counsel and supplement the record and affirm for the reasons stated by the district court with respect to all but the excessive force claim. *Richardson v. Mahon*, No. 4:15-cv-03317-RBH (D.S.C. Mar. 23, 2017). With respect to Richardson's excessive force claim, however, we conclude the district court made an impermissible credibility determination. In particular, we conclude that the situation here is essentially that of a classic swearing contest between two litigants, and the district court thus erred in granting summary judgment to the Appellees on this claim. *See Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) ("[S]ummary judgment cannot be used to resolve swearing contests between litigants."). Officer Mahon contended that he was attempting to speak to Richardson's wife regarding a domestic violence complaint and Richardson approached him aggressively, "got chest to chest" with Mahon, and actively resisted arrest, so Mahon used a Taser on Richardson. Richardson averred that his wife was leaving the premises when Mahon arrived, that he did not behave aggressively or get "chest to chest" with Mahon, and that he did not resist any commands, and nevertheless, Mahon Tased him. The district court relied on Richardson's prior criminal history to determine that no jury could find Richardson credible. However, in deciding a motion for summary judgment, a court must not "weigh the evidence and determine the truth of the matter." *Anderson v.*

3

*Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Determining the credibility of the witnesses is the purview of the jury.  We further conclude that the Appellees are not entitled to qualified immunity on this claim on summary judgment.  *See Yates v. Terry*, 817 F.3d 877, 887 (4th Cir. 2016).

Accordingly, we vacate the judgment of the district court with respect to Richardson's excessive force claim and remand the case for further proceedings.  We affirm the judgment of the district court with respect to all other claims.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*